UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS JACKSON,

    Petitioner,

v.

MARY BERGHUIS,

    Respondent.
_____/

Case No. 15-cv-11622

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MICHAEL J. HLUCHANIUK

**OPINION AND ORDER DENYING REQUEST FOR LEGAL ASSISTANCE, AND GRANTING PETITIONER'S REQUEST FOR AN EXTENSION OF TIME TO FILE HIS POST-CONVICTION MOTION FOR RELIEF FROM JUDGMENT WITH THE STATE COURT**

**I. INTRODUCTION**

Douglas Jackson ("Petitioner") filed a Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254, challenging his convictions and sentences for three counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520(b); one count of assault with intent to do great bodily harm, MICH. COMP. LAWS § 750.84; and one count of unlawful imprisonment, MICH. COMP. LAWS § 750.349b. *See* Dkt. No. 1. Petitioner seeks habeas relief for the claims that he raised on his two appeals before the Michigan Court of Appeals and the Michigan Supreme Court. *See id.*

On May 12, 2015, this Court held the petition for writ of habeas corpus [1] in abeyance to permit Petitioner to return to the state courts and exhaust additional claims that had not yet been presented to the state courts. *See* Dkt. No. 5. The Court conditioned this tolling upon Petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and

returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *See id.*

Petitioner has now filed a letter with the Court [7], in which he requests an extension of time to file his post-conviction motion for relief from judgment with the state courts. *See* Dkt. No. 7. Petitioner also asks this Court to order the warden at the Michigan Reformatory to order her staff to permit him to seek assistance from the Legal Writer Program. *Id.* For the reasons that follow, the Court will **DENY** Petitioner's request for an order requiring the warden to permit him to seek assistance from the Legal Writing Program. However, the Court will **GRANT** Petitioner's request for a **sixty day extension** of time so Petitioner may file his post-conviction motion for relief from judgment with the state court.

## II. BACKGROUND

Petitioner asserts that he is illiterate and that he meets the criteria for obtaining assistance from the Legal Writers Program in order to prepare his post-conviction motion. *See* Dkt. No. 7. Petitioner claims that upon his recent transfer from the Brooks Correctional Facility, to the Michigan Reformatory, he requested assistance from the Legal Writers Program. *Id.* On May 26, 2015, Petitioner asserts that the assistant law librarian scheduled a fifteen minute meeting between himself and a legal writer. *Id.* Upon meeting with the legal writer, Petitioner states that he provided the writer with his motion to hold the petition in abeyance as well as the claims that petitioner wants included in his post-conviction motion for relief from judgment. *Id.* Now, however, Petitioner claims that the Michigan Reformatory staff has prevented him from submitting the facts that support his claims to the Legal Writer Program. *Id.*

### III. DISCUSSION

Petitioner asserts that the Michigan Reformatory staff's actions will prevent him from filing his motion for relief from judgment within the original sixty day time frame. However, this Court notes that Petitioner has no constitutional right to legal advice from another prisoner. *See Shaw v. Murphy*, 532 U.S. 223, 230 (2001). The Sixth Circuit has found that "prisoners are entitled to receive assistance from jailhouse lawyers *where no reasonable alternatives are present* [because] to deny this assistance denies the constitutional right of access to the courts." *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993) (emphasis added). Here, however, Petitioner is not entitled to additional assistance from the correctional facility because he possesses reasonable alternatives to present his claim.

In Michigan, trial courts are authorized to appoint counsel for prisoners to assist with post-conviction proceedings. *See* M.C.R. 6.505; *see also Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).  Thus, if Petitioner continues to need assistance with the preparation of his post-conviction motion, Petitioner should make a request to the state trial court to appoint counsel for him.  Because the Michigan state courts provide Petitioner a reasonable alternative to help him present his case, this Court will **DENY** Petitioner's request for an order directing the warden at the Michigan Reformatory to provide him with legal assistance.

The Court will, however, **GRANT** Petitioner a **sixty day extension of time to file his motion for relief from judgment with the state trial court**.  A federal district court has the power to extend the stay of a habeas petition, particularly where the respondent does not oppose the extension of the stay. *See e.g. Roberts v. Norris,* 415 F.3d 816, 819 (8th Cir. 2005).  In the present case, Petitioner has done all that he could reasonably do to file his state post-conviction motion for relief from judgment on time. Nonetheless, he was "prevented in some extraordinary way" from filing the motion with the state courts on time—namely, his transfer from the Brooks

Correctional Facility to the Michigan Reformatory. Accordingly, an extension of time will be granted to Petitioner. *See Schillereff v. Quarterman*, 304 F. App'x. 310, 314 (5th Cir. 2008).

### IV. CONCLUSION

For the reasons discussed above, the Court **HEREBY DENIES** Petitioner's request for legal assistance by way of an order requiring the warden to permit him to seek assistance from the Legal Writing Program**.**

**IT IS ORDERED** that Petitioner's request for an enlargement of time is **HEREBY GRANTED.** Petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.**

If Petitioner fails to file a motion for relief from judgment with the state courts by that date**,** the Court will lift the stay, reinstate the original petition for writ of habeas corpus to the Court's active docket and proceed to adjudicate only the claims that were raised in the original petition. If Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the Petitioner's exhaustion of the claims.

After Petitioner fully exhausts his new claims, Petitioner is **ORDERED to file an amended Petition that includes the new claims within sixty days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay.** Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in Petitioner's original Habeas Petition.

IT IS SO ORDERED.

Dated: July 7, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge