UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS JACKSON,

    Petitioner,

v.

MARY BERGHUIS,

    Respondent.
_____/

Case No. 15-cv-11622

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR PROTECTIVE RELIEF [19]**

**INTRODUCTION**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 12, 2015, this Court held the petition for writ of habeas corpus in abeyance to permit Petitioner to return to the state courts to exhaust additional claims which had not yet been presented to the state courts. The Court conditioned this tolling upon Petitioner initiating his state court post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. On July 7, 2015, this Court denied Petitioner's request for legal assistance but granted Petitioner's motion for an extension of time to file his post-conviction motion for relief from judgment.

Petitioner has filed a motion for protective relief. For the reasons that follow, the motion is denied without prejudice to Petitioner filing a civil rights complaint pursuant to 42 U.S.C. § 1983.

## BACKGROUND

Petitioner claims that while incarcerated at the Baraga Correctional Facility, he was sexually molested by a corrections officer. Petitioner threatened to report the incident to a psychologist and ultimately filed a grievance. Petitioner claims that this corrections officer wrote a misconduct report against him. As a result of this report, Petitioner was placed in segregation on February 17, 2016.

Petitioner claims that in February of 2016, he asked the prison law librarian to provide him assistance with the preparation of a motion for superintending control, so that he could obtain the register of actions from his criminal case. Petitioner claims that the law librarian imposed a barrier to his access to the courts by incorrectly advising Petitioner that he would have to file a petition for writ of mandamus rather than a motion for superintending control. Petitioner further claims that the law librarian attempted to get Petitioner to sign a contract for the Legal Writer Program (LWP) to obtain assistance with his motion for superintending control. On February 20, 2016, a legal writer met with Petitioner. Petitioner was told that if he did not sign the LWP agreement, the law librarian would not allow the legal writer to provide him with the legal document that the

legal writer had prepared for Petitioner. Petitioner refused to sign the LWP agreement and claims that he was unable to obtain a copy of the register of actions from his criminal case. Petitioner claims that on February 26, 2016, he submitted a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 to an assistant resident unit supervisor. Petitioner expected the complaint to be transferred to the law librarian, so he in turn could give it to the legal writer for assistance with its preparation. Petitioner claims that he did not receive the required receipt showing that the legal writer received his documents for preparation.

Petitioner claims that the parties have conspired to violate his civil rights. Petitioner requests a temporary restraining order to transfer him from the Baraga Correctional Facility to another prison where he can litigate his civil and criminal cases without reprisal from prison staff.

## LAW AND ANALYSIS

Where a prisoner is challenging the very fact or duration of his or her physical imprisonment and the relief that he or she seeks is a determination that he or she is entitled to immediate release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration. *See Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich.

2007). Complaints which involve conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Id.* (quoting *Maddux v. Rose,* 483 F. Supp. 661, 672 (E.D. Tenn. 1980)). Additionally, a civil rights action, rather than a habeas petition, is the proper vehicle for a prisoner seeking transfer to another facility. *See Wiley v. Holt*, 42 F. App'x. 399, 400 (10th Cir. 2002).

Petitioner's claims involving the conditions at the Baraga Correctional Facility are challenges to the conditions of confinement. *See In re Owens,* 525 F. App'x. 287, 290 (6th Cir. 2013). Petitioner's confinement in segregation is likewise a condition of confinement. *See e.g. Frazier v. Hesson*, 40 F. Supp. 2d 957, 964–65 (W.D. Tenn. 1999). Moreover, Petitioner's claim that he is being denied access to the courts is also a challenge to the conditions of confinement. *See Allen v. Lamanna,* 13 F. App'x. 308, 311 (6th Cir. 2001). None of these claims may be maintained as a habeas action.

Petitioner's challenges to the conditions of his confinement "fall outside of the cognizable core of habeas corpus relief." *See Hodges v. Bell,* 170 F. App'x. 389, 393 (6th Cir. 2006). Furthermore, Petitioner's request for transfer would be more appropriately adjudicated as a civil rights action. The proper course for a district court after it determines that the substance of a state prisoner's *pro se*

habeas petition is a subject more appropriately reached under 42 U.S.C. § 1983 is to dismiss the petition without prejudice to allow Petitioner to raise his potential civil rights claims properly as a § 1983 action. *See Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004). Accordingly, the Court will deny Petitioner's motion for protective relief without prejudice.

## CONCLUSION

Accordingly, it is **ORDERED** that Petitioner's motion for protective relief [19] is **DENIED WITHOUT PREJUDICE** to Petitioner filing a civil rights complaint pursuant to 42 U.S.C. § 1983.

IT IS SO ORDERED.

Dated: July 6, 2016                         s/Gershwin A. Drain
   Detroit, Michigan                    GERSHWIN A. DRAIN
                                                 United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on **July 6, 2016.**

                                                s/Tanya R. Bankston
                                                TANYA R.BANKSTON
                                                Case Manager & Deputy Clerk