UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS JACKSON,

    Petitioner,                    Case No. 15-cv-11622

    v.                                UNITED STATES DISTRICT COURT JUDGE
                                            GERSHWIN A. DRAIN

MARY BERGHUIS,

    Respondent.
_____/

## OPINION AND ORDER DENYING MOTION TO ORDER THE STATE TRIAL COURT TO ADJUDICATE MOTION FOR RECONSIDERATION

Douglas Jackson ("Petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 1. On May 12, 2015, this Court held the petition for writ of habeas corpus in abeyance to permit Petitioner to return to the state courts to exhaust additional claims which had not yet been presented to the state courts. Dkt. No. 5. The Court conditioned this tolling upon Petitioner initiating his state post-conviction remedies within sixty days (60) of receiving this Court's order and returning to federal court within sixty days (60) of completing the exhaustion of his state court post-conviction remedies. *Id.* On July 7, 2015, the Court denied Petitioner's request for a Court order requiring the warden at the

1

Michigan Reformatory to grant him permission to seek assistance from the Legal Writer Program. *See* Dkt. No. 8. However, the Court granted Petitioner's motion for an extension of time to file his post-conviction motion for relief from judgment with the state court. *See id.* On July 7, 2016, this Court denied Petitioner's motion for protective relief. *See* Dkt. No. 22.

Presently before the Court is Petitioner's Motion to Order the State Court to Adjudicate the Motion for Reconsideration of the State Court Order Denying Relief from Judgment. Dkt. No. 23. For the reasons that follow, the motion is DENIED.

Petitioner claims the state court returned his original post-conviction motion for relief from judgment pursuant to M.C.R. 6.502(D) because the motion failed to comply with certain pleading requirements. Dkt. No. 23, p. 2 (Pg. ID 589). Petitioner asserts he resubmitted the motion for relief from judgment to comply with these pleading requirements, but the state trial judge erroneously construed his motion as a second or successive motion for relief from judgment and denied him relief under M.C.R. 6.502(G).[1] *Id.* at p. 2–3 (Pg. ID 589–90). Petitioner claims he filed a motion for reconsideration on December 9, 2016 with the state

---

[1] M.C.R. 6.502(G) prohibits a criminal defendant from filing a second or successive motion for relief from judgment except in cases where, after the first such motion, there is newly discovered evidence or a retroactive change in the law.

court, and that this motion is still pending in the state trial court. *Id.* at p. 2 (Pg. ID 589). Petitioner has filed a motion requesting that this Court order the Wayne County Circuit Court to adjudicate his motion for reconsideration. *Id.*

It is well settled that "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Seyka v. Corrigan*, 46 Fed. App'x 260, 261 (6th Cir. 2002) (quoting *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970)). This Court thus lacks the authority to compel the state court to adjudicate Petitioner's post-conviction motion. *See, e.g.*, *Smith v. Thompson*, 437 F. Supp. 189, 191 (E.D. Tenn. 1976), *aff'd*, 559 F.2d 1221 (6th Cir. 1977).

In an effort to order the Wayne County Circuit Court to adjudicate his motion, Petitioner could request an order of superintending control from the Michigan Court of Appeals pursuant to M.C.R. 3.302(D)(1) and M.C.R. 7.203(C)(1). If that request is unsuccessful, Petitioner could seek an order of superintending control from the Michigan Supreme Court pursuant to M.C.R. 7.303(A)(6).

The Court recognizes that inordinate delay in the adjudication of state court claims can excuse the exhaustion of state court remedies, particularly where the state has caused the delay. *Workman v. Tate*, 957 F. 2d 1339, 1344 (6th Cir. 1992).

Moreover, a habeas petitioner who makes "'frequent but unavailing requests to have his appeal processed' in the state court is 'not required to take further futile steps in state court in order to be heard in federal court,' even if the state court subsequently decides his or her appeal." *Turner v. Bagley*, 401 F.3d 718, 726 (6th Cir. 2005) (quoting *Simmons v. Reynolds*, 898 F.2d 865, 867–68 (2nd Cir. 1990) (citing *Lucas v. Michigan*, 420 F.2d 259, 262 (6th Cir. 1970)).

Petitioner, however, has not shown inordinate delay in the processing of his state court post-conviction motion for reconsideration. For example, in *Workman* the Sixth Circuit excused the habeas petitioner's failure to exhaust his state post-conviction remedies primarily because the petitioner's motion for post-conviction relief "languished" in the state courts for more than three years without a decision. 957 F. 2d at 1344. Likewise, in *Turner* the Sixth Circuit concluded that a federal district court should have excused a habeas petitioner from the exhaustion requirement no later than when his direct appeal was dismissed for failure to prosecute, as the failure was solely attributable to the state and petitioner's state-appointed attorneys. 401 F.3d at 725–26. Specifically, the state court of appeals "failed to insure timely representation," "continually postponed [petitioner's] appeal by allowing four different attorneys to withdraw from the case without filing briefs," and "allowed petitioner's appeal to remain on the docket for nearly

eleven years without meaningful attention." *Id.* at 726.

Conversely, Petitioner has failed to show that his motion for reconsideration has languished for several years without any meaningful attention in the state courts. *See id.* Petitioner has not alleged that he has made "frequent, but unavailing requests" to have his post-conviction motion processed. As of the date he filed the motion presently before the Court, Petitioner's motion for reconsideration had only been pending in the state trial court for approximately eight months. *See* Dkt. No. 23. Moreover, Petitioner is not excused from exhausting his claims in the state courts because he has not sought relief from the Michigan state appellate courts to compel the trial court to entertain his post-conviction motion for reconsideration. *See Washington v. Warden, Ross Corr. Inst.*, No. 02-70096, 2003 WL 1867914, at *3 (E.D. Mich. Mar. 21, 2003).

## ORDER

Accordingly, it is **ORDERED** that Petitioner's Motion to Order the State Court to Adjudicate the Motion for Reconsideration of the State Court Order Denying Relief from Judgment [Dkt. #23] is **DENIED.**


Dated: September 13, 2017  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 13, 2017, by electronic and/or ordinary mail.
<u>/s/ Tanya Bankston</u>
Deputy Clerk