**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DOUGLAS JACKSON,

  Petitioner,

v.

LES PARISH,

  Respondent.
_____/

Case No. 15-cv-11622

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**OPINION AND ORDER (1) DIRECTING CLERK OF COURT TO REOPEN PETITION FOR WRIT OF HABEAS CORPUS AND TO SERVE ORDER ON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, (2) DENYING MOTION TO COMPEL MICHIGAN DEPARTMENT OF CORRECTIONS TO PROVIDE PETITIONER LEGAL ASSISTANCE [28], (3) AMENDING CASE CAPTION, (4) GRANTING PETITIONER EXTENSION OF TIME TO FILE AMENDED HABEAS PETITION, AND (5) SETTING DEADLINE FOR RESPONDENT TO ANSWER PETITION AND FILE RULE 5 MATERIALS**

**I. Introduction**

On May 5, 2015, Petitioner Douglas Jackson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1. In that petition, he sought relief from his convictions for three counts of first-degree criminal sexual conduct, one count of assault with intent to do great bodily harm, and one count of unlawful imprisonment. *Id.* On May 12, 2015, this Court held the petition for writ of habeas corpus in abeyance to permit Petitioner to return to the state courts to

exhaust additional claims which had not yet been presented to the state courts. Dkt. No. 5. In that May 12, 2015 Order, the Court instructed Petitioner to file both an amended petition, presenting any new claims, and a motion to lift the stay once he had exhausted any new claims in the state court. *See id.* The Court further provided that he must file any amended petition and motion to lift the stay within sixty (60) days of the conclusion of his state court post-conviction proceedings. *See id.*

On May 14, 2018, Petitioner moved to compel the Michigan Department of Corrections ("M.D.O.C.") to provide him legal assistance from the Legal Writers Program regarding an application for leave to appeal to the Michigan Supreme Court. Dkt. No. 28.

This motion to compel is presently before the Court [28]. For the reasons that follow, the motion is DENIED [28]. It is futile for Petitioner to file an application for leave to appeal with the Michigan Supreme Court. Additionally, the Court will order the Clerk of the Court to reopen this case to the Court's active docket and to serve a copy of this order on the Respondent and the Michigan Attorney General. The Court will also amend the case caption to reflect Petitioner's current warden, Les Parish.

Jackson must file an amended habeas petition within **one hundred and**

**twenty (120) days** from the date of this order. The Court will also set a deadline for Respondent to file an answer and the Rule 5 materials.

## II. Discussion

In his motion for legal assistance, Petitioner claims that the prison library denied his request for assistance from the Legal Writers Program regarding the filing of an application for leave to appeal to the Michigan Supreme Court. The Michigan Court of Appeals' March 29, 2018 denial of his post-conviction appeal gave rise to Petitioner's application for leave to appeal to the Michigan Supreme Court. Petitioner claims that he has until May 24, 2018 to file an application for leave to appeal to the Michigan Supreme Court.

Prisoners, however, do not have a constitutional right to legal advice from another prisoner. *Shaw v. Murphy*, 532 U.S. 223, 230 (2001). Indeed, "prison officials may prohibit or limit 'jailhouse lawyering' unless doing so interferes with inmates' ability to present his grievances to a court." *See Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999) (quoting *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993)). Petitioner successfully filed a post-conviction motion for relief from judgment with the trial court and a post-conviction appeal in the Michigan Court of Appeals. Consequently, it is unclear why he is requesting legal assistance with his post-conviction appeal in the Michigan Supreme Court.

But even if the Court were to order the M.D.O.C. to provide Petitioner a legal writer, that order would be futile; Jackson's deadline for filing an application for leave to appeal to the Michigan Supreme Court has expired. Specifically, following the denial of his post-conviction appeal by the Michigan Court of Appeals, Jackson had fifty-six (56) days to file a delayed application for leave to appeal with the Michigan Supreme Court. *See* M.C.R. 7.305(C)(2)(a). Jackson was therefore required to file an application for leave to appeal no later than May 24, 2018. Therefore, Jackson can no longer file an application for leave to appeal to the Michigan Supreme Court. The Court will accordingly deny Petitioner's motion as moot.[1]

## III. Conclusion

As Petitioner's post-conviction proceedings in the state court have concluded, his habeas case is ripe for consideration. The Court orders the Clerk of the Court to reopen the case to the Court's docket. *See, e.g.*, *Rodriguez v. Jones*, 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). The Clerk of the Court shall serve a copy of this Order on the Respondent and the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases. *See Coffee v. Harry*, 2005 WL 1861943, at* 2 (E.D. Mich. Aug. 2, 2005).

---

[1] The denial of the motion is without prejudice to Petitioner successfully arguing that the denial of prisoner legal assistance constitutes cause for excusing his failure

The Court also orders that the caption in this case be amended to reflect the proper respondent, Les Parish, who is the warden of the prison where Jackson is incarcerated. *See Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rule 2(a), 28 foll. U.S.C. § 2254.

The Court grants Petitioner a **one hundred and twenty (120) day** extension of time to file an amended habeas petition. *See, e.g.*, *Hill v. Mitchell*, 30 F. Supp. 2d 997, 998 (S.D. Ohio 1998) (providing habeas petitioner an extension of time in which to file an amended habeas petition).

Respondent must file an answer to the original or amended petitions within **one hundred and eighty (180) days** from the later of (1) the date on which the amended petition is filed or (2) the date on which the period for filing an amended petition expires. The Rule 5 materials must accompany the Respondent's answer. *See Griffin v. Rogers*, 308 F.3d 647, 653–54 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Petitioner has **forty five (45) days** from the receipt of the answer to file a reply brief, if he so chooses. *See* Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

IT IS SO ORDERED.

---

to file an application for leave to appeal to the Michigan Supreme Court.

Dated:  June 15, 2018                                         /s/Gershwin A. Drain
                                                              GERSHWIN A. DRAIN
                                                              United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 15, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk