# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DOUGLAS JACKSON,

    Petitioner,

v.

LES PARISH,

    Respondent,

_____/

Civil No. 2:15-CV-11622
UNITED STATES DISTRICT JUDGE
GERSHWIN A. DRAIN

## OPINION AND ORDER GRANTING PETITIONER'S EMERGENCY MOTION TO STOP TRANSFER DURING THE PENDENCY OF HABEAS CORPUS PROCEEDINGS [#38] AND DIRECTING PETITIONER TO REFILE THE MOTION TO COMPEL MEANINGFUL ACCESS TO THE COURTS [#35].

Before the Court are Petitioner's Motion to Compel Meaningful Access to the Courts [#35], filed on September 13, 2018, and his Emergency Motion to Stop Transfer During the Pendency of Habeas Corpus Proceedings [#38], filed on September 27, 2018. For the reasons that follow, the Court will GRANT Petitioner's Emergency Motion to Stop Transfer During the Pendency of Habeas Corpus Proceedings [#38]. However, the Court will direct Petitioner to refile the Motion to Compel Meaningful Access to the Courts [#35].

**A. The Emergency Motion to Prevent Transfer During the Pendency of Habeas Corpus Proceedings is GRANTED.**

1

Petitioner asks the Court to stop Respondent from transferring Petitioner to a different prison facility while his habeas petition is pending. The Court will grant this request.

Federal Rule of Appellate Procedure 23(a) provides:

> Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.

Fed. R. App. P. 23(a). In light of this Rule, an order of the Court is normally required for the transfer of a prisoner who has a pending habeas petition. *See* Fed. R. App. P. 23(a); *Cohen v. United States*, 593 F.2d 766, 767, n. 2 (6th Cir. 1979). In fact, Rule 23(a) "was designed in part to preserve the district judge's power over the physical custody of the petitioner by prohibiting the custodian from transferring custody of the prisoner to another, without the authorization of the 'court, justice or judge rendering the decision.'" *Jago v. U.S. Dist. Court, N. Dist. of Ohio, E. Div. at Cleveland*, 570 F. 2d 618, 626 (6th Cir. 1978). This suggests that a district court judge retains jurisdiction to prohibit the transfer of a prisoner with a habeas petition pending before the district court. *See Jago*, 570 F. 2d at 626.

Accordingly, the Emergency Motion to Prevent Transfer During Pendency of Habeas Corpus Proceedings [#38] is GRANTED. Respondent shall not transfer

Petitioner to another prison facility during the pendency of this petition unless he first obtains permission from this Court.

**B. The Court Directs Petitioner to Refile the Motion to Compel Meaningful Access to the Courts.**

Due to poor photocopy quality, the Court is not able to fully assess the claims in Petitioner's Motion to Compel Meaningful Access to the Courts [#35]. Thus, the Court directs Petitioner to refile the Motion, making sure the entire Motion is legible and written in dark ink.

IT IS SO ORDERED.

Dated:      October 29, 2018

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 29, 2018, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager
