UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS JACKSON,

Petitioner,

v.

WARDEN LES PARISH,

Respondent.
_____/

Case No. 15-cv-11622

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MICHAEL J. HLUCHANIUK

# OPINION AND ORDER DENYING PETITIONER'S MOTION TO COMPEL MEANINGFUL ACCESS TO THE COURTS [#43]

## I. INTRODUCTION

Present before the Court is Petitioner Douglas Jackson's Motion to Compel Meaningful Access to the Courts, which was filed on November 13, 2018. Dkt. No. 43. Respondent Les Parish answered Petitioner's Motion on January 7, 2019. Dkt. No. 48. Petitioner has not filed a reply.[1] For the reasons set forth below, the Court will DENY Petitioner's Motion [#43].

## II. DISCUSSION

Petitioner, in this habeas action, moves the Court for an order directing Respondent to provide him with full access to the prison law library at the Oaks Correctional Facility. Petitioner asserts that he has been deprived of access to the

---
[1] The Court directed Petitioner to file any reply brief by January 17, 2019.

-1-

prison law library in one form or another since his arrival at the Facility on May 31, 2018.  For example, Petitioner claims, among other things, that he has been placed in segregation and unlawfully subjected to a loss of privileges.

Petitioner acknowledges that the Correctional Facility has a system through which prisoners placed in segregation can request that legal materials be brought directly to their cell.  Still, Petitioner maintains that this provides insufficient access to the courts for three reasons.  First, he claims the hard-copy research publications in the prison law library have all been destroyed.  Second, he claims prison officials have not provided him with the materials he has requested.  Finally, he claims to need access to the prison law library's computers -- and Lexis Advance -- so he can browse through materials in search of inspiration.

Despite the arguments raised above, Petitioner's Motion necessarily fails.  First, the appropriate mechanism to raise the claims presented in this Motion is a § 1983 action, not a habeas petition.  Second, even if the Court were to convert Petitioner's Motion into a §1983 claim, he fails to establish prejudice or intentional misconduct by prison officials, required elements of that claim.

**A. Constitutional Claims that Merely Challenge the Conditions of a Prisoner's Confinement Fall Outside the Core of Habeas Relief.**

"When a prisoner challenges the conditions of his or her confinement but not the fact or length of his custody, the proper mechanism is a civil rights action under 42 U.S.C. § 1983." *Turnboe v. Gundy*, 27 Fed. Appx. 339 (6th Cir. 2001).

Here, Petitioner argues that he has been deprived of meaningful access to the courts because he does not have full access to the prison law library at Oaks Correctional Facility. Because this is a constitutional claim challenging the conditions of his confinement -- and not the fact or length of his custody -- this claim should have been brought in a § 1983 suit, not a habeas action. *See id.*

> **B. Even Construing Petitioner's Motion as a § 1983 Claim, Petitioner Fails to Establish that he has been Prejudiced or that Prison Officials Acted Intentionally to Deprive him of Meaningful Access to the Courts.**

"[T]he constitution does not require that prisoners [ ] be able to conduct generalized research, but only that they be able to present their grievances to the courts . . . ." *Lewis v. Casey*, 518 U.S. 343, 360 (1996). To that end, "[i]n order to state a claim for denial of meaningful access to the courts . . . plaintiffs must plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Plaintiffs must demonstrate, for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim." *Id.* In addition, plaintiffs must prove that the alleged violation was intentional, not merely negligent. *Wojnicz v. Davis*, 80 Fed. Appx. 382, 384 (6th Cir. 2003).

Here, Petitioner fails to establish that he has been prejudiced or that any alleged violation of his constitutional rights was intentional. The Court's Docket

shows that since Petitioner has been at Oaks Correctional Facility, he has been able file several pleadings, including five motions and an amended habeas petition. This cuts against any suggestion that Petitioner has been deprived of meaningful access to the courts. Moreover, any limitation on Petitioner's access to the prison law library appears to be the result of his own misconduct, not intentional misconduct by prison officials. *See also Lewis*, 518 U.S. at 361 (holding a prison regulation impinging on inmates' constitutional rights is valid if it is reasonably related to legitimate penological interests). Accordingly, the Court will Deny Petitioner's Motion.

## V. CONCLUSION

For the reasons stated herein, the Court will DENY Petitioner's Motion to Compel Meaningful Access to the Courts [#43].

IT IS SO ORDERED.

Dated: February 27, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 27, 2019, by electronic and/or ordinary mail.

                                              s/Teresa McGovern
                                              Case Manager