UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS JACKSON,

Petitioner,

v.

WARDEN LES PARISH,

Respondent.
_____/

Case No. 15-cv-11622

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MICHAEL J. HLUCHANIUK

**OPINION AND ORDER DENYING PETITIONER'S EMERGENCY MOTION FOR IMMEDIATE RELEASE [#49], MOTION FOR INVOLUNTARY DISMISSAL [#51], AND MOTION FOR RECONSIDERATION [#52]**

**I. INTRODUCTION**

Present before the Court in this habeas action are three Motions: (1) Petitioner's Emergency Motion for Immediate Release from Administrative Segregation [#49], (2) Petitioner's Motion for Involuntary Dismissal of Respondent's Response to Petitioner's Motion to Compel Meaningful Access to the Courts [#51], and (3) Petitioner's Motion for Reconsideration of the Court's February 27, 2019 Opinion and Order Denying Petitioner's Motion to Compel Meaningful Access to the Courts [#52]. The Court will address each of Petitioner's Motions in turn. For the reasons set forth below, the Court will DENY each Motion [#49, #51, #52].

-1-

## II. DISCUSSION

### A. The Court will Deny Petitioner's Emergency Motion for Immediate Release from Administrative Segregation [#49].

Petitioner's Emergency Motion for Immediate Release alleges that prison officials, without cause, elevated his Class II Minor Misconduct charge to a Class I Major Misconduct charge as a pretext to place him in administrative segregation. Petitioner claims these officials placed him in administrative segregation as punishment for his recent court filings. He now asks the Court to intervene and order his immediate release. The Court will Deny this request.

"When a prisoner challenges the conditions of his or her confinement but not the fact or length of his custody, the proper mechanism is a civil rights action under 42 U.S.C. § 1983." *Turnboe v. Gundy*, 27 F. App'x 339 (6th Cir. 2001). Here, Petitioner is raising a claim that is inappropriate for a habeas action. His Motion is not challenging the fact or the length of his custody; rather, he is challenging a condition of his confinement. This claim should therefore be brought in a § 1983 suit naming the appropriate officials as defendants. Accordingly, the Court will DENY Petitioner's Motion [#49].

**B. The Court will Deny Petitioner's Motion for Involuntary Dismissal of Respondent's Response to Petitioner's Motion to Compel Meaningful Access to the Courts [#51].**

Petitioner's Motion for Involuntary Dismissal requests, among other things, that the Court strike Respondent's Response to his Motion to Compel Meaningful Access to the Courts. Petitioner maintains that he never received a copy of Respondent's responsive brief, and thus, was prevented from filing a reply. Respondent, however, included a Certificate of Service with their brief, attesting that they mailed a copy of their Response to Petitioner at his listed address. *See* Dkt. No. 48, p. 12 (Pg. ID 2582). Hence, the Court will not strike Respondent's filing on this basis. Moreover, because the Court has already denied Petitioner's Motion to Compel Meaningful Access to the Courts, this issue is now moot.

In addition, Petitioner asks the Court to find that his placement in administrative segregation violates the Court's October 29, 2018 Opinion and Order Granting Petitioner's Motion to Stop Transfer During the Pendency of Habeas Corpus Proceedings. *See* Dkt. 42. That Opinion and Order prohibited Respondent from transferring Petitioner to a different prison facility during the pendency of his habeas proceedings. But contrary to Petitioner's belief, it did not prohibit Respondent from transferring him to a different unit within the same prison facility. Accordingly, the Court will DENY Petitioner's Motion [#51].

### C. The Court will Deny Petitioner's Motion for Reconsideration of the Court's February 27, 2019 Opinion and Order Denying Petitioner's Motion to Compel Meaningful Access to the Courts [#52].

Petitioner's Motion for Reconsideration asserts that the Court's February 27, 2019 Opinion and Order Denying his Motion to Compel Meaningful Access to the Courts contained a palpable defect. Specifically, Petitioner claims to have not received a copy of Respondent's responsive brief, and consequently, suggests the Court erred by entering a decision without giving him an adequate opportunity to reply. Further, that the Court ignored the Supreme Court's holding in *Bounds v. Smith*, which Petitioner interprets as requiring prison authorities to provide him with either physical access to the law library or assistance from persons trained in the law. *See* 430 U.S. 817 (1976).

Local Rule 7.1(h) governs motions for reconsideration. Under this rule, the Court generally may not grant a motion for reconsideration that merely presents the same issues upon which the Court already ruled. *See* E.D. Mich. LR 7.1(h)(3). Rather, the movant must demonstrate that there is a palpable defect in the Court's order and that correcting the defect will result in a different disposition of the case. *Id.* "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).

Here, Petitioner fails to demonstrate a palpable defect in the Court's Order or that correcting any such defect would result in a different disposition of his case. The Court denied Petitioner's Motion to Compel Meaningful Access to the Courts on two grounds: (1) Petitioner failed to bring his claim in a § 1983 suit, as opposed to in a habeas action; and (2) Petitioner failed to demonstrate prejudice or an intentional violation of his constitutional rights. Either ground was sufficient to deny the Motion. Because Petitioner cannot cure both of these deficiencies, his Motion for Reconsideration must be DENIED [#52].

### V. Conclusion

For the reasons stated herein, the Court will DENY Petitioner's Motions [# 49, #51, #52].

IT IS SO ORDERED.

Dated:     April 10, 2019

          s/Gershwin A. Drain
          HON. GERSHWIN A. DRAIN
          United States District Court Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 10, 2019, by electronic and/or ordinary mail.

          s/Teresa McGovern
          Case Manager