UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS JACKSON,

    Petitioner,

v.

LES PARISH,

    Respondent.
_____/

Case No. 15-cv-11622

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO VACATE [#54] AND DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT [#64]**

Present before the Court is Respondent's Motion to Vacate this Court's Order Granting Petitioner's Emergency Motion to Stop Transfer During the Pendency of Habeas Proceedings. Dkt. No. 54. Petitioner has also filed a Motion for Summary Judgment. Dkt. No. 64. For the reasons set forth below, the Court will GRANT Respondent's Motion [#54] and DENY Petitioner's Motion [#64].

**A. The Court will Grant Respondent's Motion to Vacate [#54].**

On October 29, 2018, this Court, citing Federal Rule of Appellate Procedure 23(a), entered an Order prohibiting Respondent from transferring Petitioner to another correctional facility without express permission. Respondent has filed a Motion to Vacate that Order pursuant to Federal Rule of Civil Procedure 60(b),

-1-

arguing Rule 23(a) is inapplicable to the instant proceedings. Respondent asserts that Rule 23(a) applies only to habeas cases pending on appeal, and not to cases pending before the district court.

Federal Rule of Civil Procedure 60(b) provides that a motion for relief from judgment can be granted for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). After reviewing Respondent's Motion, the Court agrees that Rule 23(a) was not intended to prevent prison officials from transferring a petitioner to another correctional facility prior to an appeal of a district court's decision. In that respect, the Court erred, and Respondent is entitled to the relief requested.

Federal Rule of Appellate Procedure 23(a) provides that "[p]ending review of a decision in a habeas corpus proceeding commenced before a court, justice, or

judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule." Fed. R. App. P. 23(a). Rule 23(a) was "designed to prevent prison officials from impeding a prisoner's attempt to obtain habeas corpus relief by physically removing the prisoner from the territorial jurisdiction of the court in which a habeas petition is pending." *Thorton v. Butler*, 2008 WL 5329958, at *1 (E.D. Cal. Dec. 19, 2008) (quoting *Goodman v. Keohane*, 663 F.2d 1044, 1047 (11th Cir. 1981)). However, Rule 23(a) "applies only when a habeas action is before the court of appeals on review of a district court's decision." *Fowler v. Miller-Stout*, 2008 WL 60015, at *2 (W.D. Wash. Jan. 3, 2008) (quoting *Mitchell v. McCaughtry*, 291 F.2d 823, 835 (E.D. Wis. 2003)); *see Modonas v. Bell*, 2008 WL 2357671 (E.D. Mich. June 6, 2008) ("This Court initially notes that the Federal Rules of Appellate Procedure do not apply to actions in a district court. Petitioner would therefore be unable to invoke Rule 23(a) and (c) of the Federal Rules of Appellate Procedure to obtain release."); *Bridges v. Wolfenbarger*, 2007 WL 325356, at *3 (E.D. Mich. Jan. 31, 2007) (Rule 23(a) "applies only when a habeas petition is before a court of appeals on review of a district court's decision and is therefore inapplicable to habeas petitions that are pending in a federal district court."); *Benedict v. United States Parole Comm'n*, 569 F. Supp. 438, 448

n.19 (E.D. Mich. 1983) (Rule 23(a) "would not apply unless and until Petitioner files an appeal from judgment of this Court.").

As the above line of cases make clear, Rule 23(a) would not apply until this action was pending before the Sixth Circuit on appeal. Because the Court is unaware of any other authority which would prevent Respondent from transferring Petitioner to another prison facility within the state of Michigan, the Court will Grant Respondent's Motion to Vacate.[1]

### B. The Court will Deny Petitioner's Motion for Summary Judgment [#64].

After filing his Amended Habeas Petition, Petitioner filed a Motion for Summary Judgment, arguing there is no genuine issue as to any material fact and that he is entitled to relief as a matter of law on the first three claims in his Petition. The Court will disagree.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that here is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman*, 221 F.3d 846, 851

---

[1] To the extent that Petitioner challenges Respondent's Motion as untimely, Federal Rule of Civil Procedure 60(b) provides only that a motion to vacate must be filed within a reasonable time -- and for reasons (1), (2), and (3) -- no more than a year after entry of the challenged judgment or order. Fed. R. Civ. P. 60(c). Respondent's Motion was filed well within the one-year window, and thus, the Court will not deny the Motion on timeliness grounds.

(6th Cir. 2000) (quoting Fed. R. Civ. P. 56(c)). While the summary judgment rule applies to habeas proceedings, *Harris v. Stegall*, 157 F. Supp. 2d 743, 746 (E.D. Mich. 2001), "a federal district court should not enter summary judgment in a habeas case if the pleadings or papers present a genuine issue of fact." *Barclay v. Renico*, 2002 WL 1303038, at *2 (E.D. Mich. June 6, 2002).

Here, Respondent filed a 111-page brief in opposition to Petitioner's Amended Habeas Petition. *See* Dkt. No. 61. This brief raises material questions of fact as to whether Petitioner's constitutional rights were violated, such as to entitle him to habeas relief. Accordingly, the Court will Deny Petitioner's Motion for Summary Judgment.

IT IS SO ORDERED.

Dated: August 14, 2019

s/Gershwin A. Drain  
HON. GERSHWIN A. DRAIN  
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 14, 2019, by electronic and/or ordinary mail.

s/Teresa McGovern  
Case Manager