UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS JACKSON,

    Petitioner,

v.

LES PARISH,

    Respondent.
_____/

Case No. 15-cv-11622

UNITED STATES DISTRICT COURT
JUDGE
GERSHWIN A. DRAIN

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

Douglas Jackson, ("Petitioner"), confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254, challenging his convictions and sentences for three counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520(b), one count of assault with intent to do great bodily harm, MICH. COMP. LAWS § 750.84, and one count of unlawful imprisonment, MICH. COMP. LAWS § 750.349b.

For the reasons that follow, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit petitioner to complete state post-conviction proceedings in the state courts where he has been attempting to exhaust additional claims. The Court administratively closes the case.

1

## I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal, although the case was remanded for re-sentencing. *People v. Jackson*, No. 295994, 2011 WL 1519654 (Mich. Ct. App. Apr. 21, 2011); *lv. den.* 490 Mich. 911, 805 N.W. 2d 191 (2011). Following re-sentencing, petitioner's sentence was affirmed on appeal. *People v. Jackson*, No. 308329, 2013 WL 4746759 (Mich. Ct. App. Sept. 3, 2013); *lv. den.* 495 Mich. 935, 843 N.W. 2d 209 (2014).

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was held in abeyance to permit petitioner to return to the state courts to exhaust additional claims which had not yet been presented to the state courts. ECF No.5.

Petitioner attempted to file a post-conviction motion for relief from judgment with the state trial court, but his initial motion was returned by the trial court because it exceeded fifty pages. *People v. Jackson,* No. 09-003770-01 (Wayne Cty. Cir. Ct. Jan. 21, 2016). Petitioner subsequently filed another motion for relief from judgment and a subsequent motion to amend the motion for relief from judgment. The trial court judge denied petitioner post-conviction relief on several grounds, including the belief that at least a portion of the motion for relief from judgment constituted a prohibited successive motion for relief from judgment within the

meaning of M.C.R. 6.502(G). *People v. Jackson,* No. 09-003770-01 (Wayne Cty. Cir. Ct. Nov. 21, 2016).

Petitioner claims that he filed a motion for reconsideration with the trial court on December 9, 2016, which was never adjudicated by that court.

The Michigan Court of Appeals dismissed petitioner's subsequently filed post-conviction appeal because it was untimely filed. *People v. Jackson*, No. 342075 Order (Mich. Ct. App. March 29, 2018).

The trial judge subsequently entered an order granting a correction to the register of actions as had been ordered by the Michigan Court of Appeals. *People v. Jackson,* No. 09-003770-01 (Wayne Cty. Cir. Ct. Jan. 11, 2017).

Petitioner filed a motion for legal assistance to assist him with filing an application for leave to appeal with the Michigan Supreme Court following the dismissal of his appeal by the Michigan Court of Appeals on March 29, 2018. This Court denied petitioner's request, in part because the fifty-six-day deadline for filing an application for leave to appeal with the Michigan Supreme Court had expired. This Court believed, based on petitioner's motion, that he no longer had any post-conviction remedies remaining in the state courts. This Court found that the petition was now ripe for consideration, permitted petitioner to reopen his case to the Court's active docket and gave him an opportunity to file an amended habeas petition.

*Jackson v. Parish*, No. 15-CV-11622, 2018 WL 3020463 (E.D. Mich. June 15, 2018).

Petitioner has since filed an amended petition and numerous pleadings. Respondent filed an answer to the petition, and petitioner has filed a reply brief.

While petitioner's case was again pending before this Court, petitioner had a post-conviction appeal that had been filed with the Michigan Court of Appeals. The appeal was denied because petitioner had failed to demonstrate entitlement to an application of any of the exceptions to the general rule that a movant may not appeal the denial of a successive motion for relief from judgment. *People v. Jackson*, No. 342075 Order (Mich. Ct. App. March 12, 2019).

This Court believed, in light of all of the pleadings received by petitioner and respondent, that the petition was now ripe for a merits review. In preparing to adjudicate the merits of the petition, this Court learned that the Michigan Supreme Court, on September 10, 2019, remanded the matter to the Wayne County Circuit Court to address petitioner's motion for reconsideration:

> On order of the Court, the motions to file a supplement are GRANTED. The applications for leave to appeal the March 12, 2019 orders of the Court of Appeals are considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REMAND the case of *People v. Jackson*, Wayne CC: 09-003770-FC, to the Wayne Circuit Court for reconsideration of whether the defendant's May 24, 2016 motion for relief from judgment is a successive motion, as the circuit court states in the November 21, 2016 order denying relief from judgment, and for further proceedings as set forth in this order.

We first note that the circuit court record is in disarray and possibly incomplete. Based on the record provided to this Court, the defendant filed his first motion for relief from judgment on July 16, 2015. The defendant sought to amend that motion on October 16, 2015. The amended motion for relief from judgment was returned to the defendant by order dated January 21, 2016, because it exceeded the page limit. The defendant was encouraged to resubmit the motion after redacting his issues and arguments to a more manageable length. The defendant refiled the motion on May 24, 2016. This motion was denied by the circuit court on November 21, 2016, in an order that characterized the motion as successive and denied relief under MCR 6.502(G).

In support of its characterization of the motion for relief from judgment as a successive motion, the circuit court's November 21, 2016 order states that an earlier motion for relief from judgment was denied on November 24, 2015. No such order can be found in the record provided to this Court. The Register of Actions states that an order was entered on November 24, 2015, but it does not describe the order and this appears to be a reference to an unrelated order dated November 23, 2015, denying the defendant's request for a copy of the Register of Actions. We further note that the circuit court's description of the procedural history of the case in its January 26, 2016 opinion returning the motion for relief from judgment to the defendant, and in a March 11, 2016 order denying the defendant's request for the appointment of counsel, does not support the conclusion that the defendant's May 24, 2016 motion for relief from judgment is a successive motion.

Under these circumstances, we REMAND the case of *People v. Jackson* to the Wayne Circuit Court for reconsideration of whether the defendant's May 24, 2016 motion for relief from judgment is a successive motion under MCR 6.502(G). On remand, the circuit court shall issue an opinion setting forth its analysis. If the circuit court determines that the defendant's motion for relief from judgment is not a successive motion, as appears to be the case based on the circuit court record provided to this Court, the circuit court shall decide the motion under the standard set forth in MCR 6.508(D). If, however, the court determines that the motion for relief from judgment was correctly denied under MCR 6.502(G) as a successive motion, it shall then rule on the motion for reconsideration that the defendant filed on December 9, 2016. A date-stamped copy of the motion for reconsideration is

5

contained in the circuit court file, but the motion is not listed in the Register of Actions, and there is no order in the circuit court file deciding the motion.

We do not retain jurisdiction.

*In re Jackson*, No. 159412, 2019 WL 4302547, at *1–2 (Mich. Sept. 10, 2019).

## II. Discussion

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Federal district courts generally must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). An exception to this rule is only if the petitioner no longer has any available state court remedies to exhaust his or her claims. *See Hannah v. Conley*, 49 F. 3d at 1195-96.

In the present case, the Michigan Supreme Court has remanded petitioner's case back to the Wayne County Circuit Court to adjudicate petitioner's motion for reconsideration and to determine whether petitioner's May 24, 2016 should be considered a first post-conviction motion for relief from judgment governed by the standards under M.C.R. 6.508(D) for granting post-conviction relief or whether the motion constitutes a successive motion for relief from judgment, in which case the judge shall deny petitioner's December 9, 2016 motion for reconsideration.

The general rule is that a habeas petition should be denied on exhaustion grounds where the petitioner's state post-conviction motion remains pending in the state courts, as is now the case here. *See e.g. Juliano v. Cardwell*, 432 F. 2d 1051, 1051 (6th Cir. 1970). This Court also notes that should the Wayne County Circuit Court judge on remand deny petitioner's post-conviction motion, denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302; *see Wagner v. Smith,* 581 F. 3d 410, 414 (6th Cir. 2009). Where a habeas petitioner has an opportunity under state law to file an appeal following the state trial court's denial of his or her state post-conviction motion, the petitioner has failed to exhaust state court remedies. *See Cox v. Cardwell*, 464 F. 2d 639, 644-45 (6th Cir. 1972). Finally, a federal court cannot

consider granting habeas relief "if there still is a potential state remedy for the state courts to consider." *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009).

Moreover, when an appeal or post-conviction challenge of a state criminal conviction is pending in the state courts, as is the case here, "a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood v. Tomkins,* 716 F. 2d 632, 634 (9th Cir. 1983). The rationale behind this rule is that even if the federal constitutional question raised by a habeas corpus petitioner cannot be resolved by the state courts in a pending state appeal or post-conviction proceeding, that appeal or collateral challenge may result in the reversal of the petitioner's conviction on some other ground, thereby mooting any federal question. *Id.; see also Woods v. Gilmore,* 26 F.Supp.2d 1093, 1095 (C.D.Ill.1998); *Garrett v. Larson,* 2:13–CV–11339; 2013 WL 1681258, * 2 (E.D. Mich. Apr. 17, 2013); *Szymanski v. Martin,* No. 99-CV-76196-DT; 2000 WL 654916, * 2 (E.D. Mich. Apr. 13, 2000).

Other considerations support holding the petition in abeyance, as opposed to adjudicating the petition on the merits. Specifically, "the Court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the

claims the state courts rejected, he would have to clear the high hurdle of filing a second habeas petition." *Thomas v. Stoddard,* 89 F. Supp. 3d 937, 942 (E.D. Mich. 2015)(citing 28 U.S.C. 2244(b)(2)). Moreover, "[I]f this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id.*

The Court holds the petition in abeyance. A common circumstance that calls for the abatement of a habeas petition arises when the original petition was timely filed, as the case here, but a second, exhausted habeas petition would be time barred by the statute of limitations for filing habeas petitions contained in 28 U.S.C. § 2244(d)(1). *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). This Court has the discretion to stay the petition and hold it in abeyance even though petitioner did not specifically request this Court to do so. *See e.g. Banks v. Jackson,* 149 F. App'x. 414, 422, n. 7 (6th Cir. 2005). However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). To ensure that there are no delays by petitioner in exhausting state court remedies, this Court imposes time limits within which petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). The Court holds the petition in abeyance to allow petitioner to complete post-conviction proceedings in the state

9

courts. This tolling is conditioned upon petitioner returning to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. *Hargrove,* 300 F. 3d at 721.

### III. ORDER

**IT IS HEREBY ORDERED** that the proceedings are **STAYED** and the Court will hold the habeas petition in abeyance. Petitioner shall move to reopen his habeas petition within **sixty (60) days** of the conclusion of his state post-conviction proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas,* 89 F. Supp. 3d at 943-944.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

**IT IS SO ORDERED.**

Dated: September 20, 2019

s/Gershwin A. Drain  
HON. GERSHWIN A. DRAIN  
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 20, 2019, by electronic and/or ordinary mail.

        s/Teresa McGovern
        Case Manager