UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS JACKSON,

    Petitioner,

v.

LES PARISH,

    Respondent.
_____/

Case No. 15-cv-11622

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## **OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION [#87]**

Petitioner Douglas Jackson filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254, challenging his convictions for three counts of first-degree criminal sexual conduct, one count of assault with intent to do great bodily harm, and one count of unlawful imprisonment. This Court held the petition in abeyance and administratively closed the case to permit Petitioner to complete state post-conviction proceedings in the state courts where he had attempted to exhaust additional claims. *Jackson v. Parish*, No. 15-CV-11622, 2019 WL 4573799 (E.D. Mich. Sept. 20, 2019).

Presently before the Court is Petitioner's Motion for Reconsideration [#87]. For the reasons that follow, the Court will DENY the motion.

Local Rule 7.1 allows a party to file a motion for reconsideration. E.D. Mich. L.R. § 7.1(g). However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Whitehouse Condo. Grp., LLC v. Cincinnati Ins. Co.*, 959 F. Supp. 2d 1024, 1031 (E.D. Mich. 2013). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *See MCI Telecommunications Corp. v. Michigan Bell Telephone Co.,* 79 F. Supp. 2d 768, 797 (E.D. Mich. 1999).

Here, Petitioner argues that this Court erred in holding the petition in abeyance because he alleges that the state courts are unwilling to provide him post-conviction relief. Petitioner believes that the trial judge erred by construing his amended motion for relief from judgment as a successive petition, which is precluded under Chapter 6 of the Michigan Court Rules. M.C.R. 6.502(G). Petitioner further notes that when he filed a motion for reconsideration after his motion for relief from judgment was denied, the judge never ruled on the motion. Petitioner argues that he already presented his claims to the state courts and no longer has any available state court remedies. Petitioner essentially argues that it would be futile to require him to exhaust his claims.

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002). A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist that would make exhaustion unnecessary. *See Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

In his motion for reconsideration, Petitioner fails to address the fact that on September 10, 2019, the Michigan Supreme Court remanded Petitioner's case back to the Wayne County Circuit Court to address Petitioner's motion for reconsideration. The Michigan Supreme Court, in a fairly lengthy order, directed the trial court to determine whether Petitioner's amended motion for relief from judgment that was filed on May 24, 2016 constitutes a successive motion for relief from judgment within the meaning of Chapter 6. M.C.R. 6.502(G). If the trial judge determines that it is not a successive motion, the judge has been directed to decide the motion under the standard for granting or denying post-conviction relief found in Chapter 6. M.C.R. 6.508. If the judge determines that this motion is successive, the judge may deny relief pursuant to Chapter 6. M.C.R. 6.502(G). The judge was ordered to "issue an opinion setting forth its analysis." *In re Jackson*, 932 N.W.2d

622 (Mich. 2019). The Michigan Supreme Court has thus ordered the trial judge to adjudicate petitioner's motion for reconsideration and possibly adjudicate anew some of the claims raised by Petitioner in his amended motion for relief from judgment.

This Court held the case in abeyance to give Petitioner an opportunity to properly exhaust his claims on state post-conviction review. This Court noted that a habeas petition is considered unexhausted when a state post-conviction motion remains pending in the state courts. The Court also found that Petitioner would have the opportunity to appeal any denial of the post-conviction motion to the state appellate courts. *Jackson v. Parish*, 2019 WL 4573799, at * 3. This Court noted that "a federal court cannot consider granting habeas relief 'if there still is a potential state remedy for the state courts to consider.'" *Id.* (quoting *Wagner v. Smith*, 581 F. 3d 410, 415 (6th Cir. 2009)).

Although Petitioner claims that it would be futile to exhaust his remedies in state court at this point, the Michigan Supreme Court has remanded the case to the trial court judge for her to consider Petitioner's motion for reconsideration and possibly adjudicate the remaining claims that Petitioner raised in his amended motion for relief from judgment. Any failure by Petitioner to pursue his claims in state court on remand would disqualify "his case from consideration under the narrow exception [to the exhaustion requirement]." *See Dillon v. Hutchinson,* 82 F.

App'x. 459, 462 (6th Cir. 2003). In addition, the "futility to object" exception to the exhaustion requirement is not satisfied by a habeas petitioner's expectation that a state court will rule against him or her. *See United States ex. rel. Centanni v. Washington*, 951 F. Supp. 1355, 1365 (N.D. Ill. 1997); *see also Porter v. White,* No. 2001 WL 902612, * 2 (E.D. Mich. Aug. 6, 2001). Moreover, a habeas petitioner's conclusory allegation that the state courts are biased is insufficient to establish futility to excuse the petitioner from exhausting his or her state court remedies. *See, e.g., Crank v. Jenks,* 224 F. App'x. 838, 839 (10th Cir. 2007). In determining whether the futility exception to the exhaustion requirement applies, the "pertinent question" is not whether the state court would be inclined to rule in the habeas petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim. *Spreitzer v. Schomig*, 219 F. 3d 639, 647 (7th Cir. 2000) (quoting *White v. Peters*, 990 F. 2d 338, 342 (7th Cir. 1993)).

Finally, even if it would be futile for Petitioner to exhaust his additional claims, this Court also noted that it would be premature to adjudicate Petitioner's claims on the merits at this point. Many of the claims are currently being reconsidered on remand in the state trial court and might possibly lead to Petitioner obtaining relief in the state courts on one of those claims, thus mooting his current petition. *Jackson v. Parish*, 2019 WL 4573799, at * 3-4.

The Court will deny Petitioner's motion because he is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court held the petition in abeyance and administratively closed the case. *Whitehouse Condo. Grp., LLC,* 959 F. Supp. 2d at 1031.

The Motion for Reconsideration [#87] is therefore DENIED.

**IT IS SO ORDERED.**

Dated: November 5, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 5, 2019, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager