UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS JACKSON,

    Petitioner,  Case No. 15-cv-11622

    v.  U.S. DISTRICT COURT JUDGE
 GERSHWIN A. DRAIN

LES PARISH,

    Respondent.
_____/

## **OPINION AND ORDER DENYING THE MOTION FOR TRANSCRIPTS [#89]**

Petitioner Douglas Jackson filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254, challenging his convictions for three counts of first-degree criminal sexual conduct, one count of assault with intent to do great bodily harm, and one count of unlawful imprisonment. This Court held the petition in abeyance and administratively closed the case to permit Petitioner to complete state post-conviction proceedings in the state courts where he had attempted to exhaust additional claims. *Jackson v. Parish*, No. 15-CV-11622, 2019 WL 4573799 (E.D. Mich. Sept. 20, 2019).

Petitioner has filed a motion for the production of a transcript from a post-conviction hearing from March 26, 2011 and a re-sentencing adjournment transcript from August 24, 2011, which Petitioner argues may reveal that appellate counsel

1

was ineffective. Petitioner seeks these transcripts to assist him with his post-conviction proceedings in the state court.

The Court will deny Petitioner's motion for transcripts. First, as a general rule, a criminal defendant has no federal constitutional right to a transcript to prepare a post-conviction proceeding. *Rickard v. Burton,* 2 F. App'x 469, 470 (6th Cir. 2001) (citing to *Ruark v. Gunter,* 958 F. 2d 318, 319 (10th Cir. 1992)); *see also United States v. MacCollom,* 426 U.S. 317, 325-26 (1976). "Possession of a transcript is not a 'condition precedent' to the filing of a state post-conviction motion." *Grayson v. Grayson,* 185 F. Supp. 2d 747, 752 (E.D. Mich. 2002) (citing to *Gassler v. Bruton,* 255 F. 3d 492, 495 (8th Cir. 2001)). Indeed, a defendant could file a post-conviction motion for relief from judgment with the state trial court, after which that trial court could order the production of the transcripts. *Id.* Petitioner, in fact, has already filed a motion for relief from judgment and an amended motion for relief from judgment, which are now pending in the state courts.

Moreover, a prisoner is not entitled to the preparation of a free transcript merely for the purpose of searching it for grounds for a possible application for post-conviction or habeas corpus relief. *See Lucas v. United States,* 423 F. 2d 683, 684-85 (6th Cir. 1970); *Watts v. State of Tenn.,* 603 F. Supp. 494, 495 (M.D. Tenn. 1984). Petitioner is not entitled to a free transcript from these two hearings, because he has failed to point to any specific need for the transcripts to prepare his post-conviction

motion. *See Route v. Blackburn,* 498 F. Supp. 875, 877 (M.D. La. 1980). In light of the conclusory nature of Petitioner's motion for the production of these transcripts from his state criminal case, the motion for production of these transcripts and documents is denied at this time. *See Cassidy v. United States,* 304 F. Supp. 864, 867 (E.D. Mo. 1969). The Court will reconsider Petitioner's motion to compel the State of Michigan to provide him with various legal materials if he can demonstrate a specific need for the materials to prepare his motion for relief from judgment.

The motion for the production of transcripts [#89] will be DENIED.

**IT IS SO ORDERED.**

Dated: November 14, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 14, 2019, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager