UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS JACKSON,

    Petitioner,

v.

LES PARISH,

    Respondent.
_____/

Case No. 15-cv-11622

UNITED STATES DISTRICT COURT
JUDGE
GERSHWIN A. DRAIN

### OPINION AND ORDER DENYING THE MOTION TO PROCEED WITHOUT PREPAYING FEES AND COSTS ON APPEAL [#92], DENYING THE MOTION FOR RECONSIDERATION [#94], AND ENJOINING PETITIONER FROM FILING FURTHER MOTIONS OR PLEADINGS WITHOUT LEAVE FROM THE COURT

Petitioner Douglas Jackson filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. This Court held the petition in abeyance and administratively closed the case to permit Petitioner to complete state post-conviction proceedings in the state courts where he had attempted to exhaust additional claims. *Jackson v. Parish*, No. 15-CV-11622, 2019 WL 4573799 (E.D. Mich. Sept. 20, 2019). This Court subsequently denied Petitioner's motion for production of the transcripts. ECF No. 90.

Petitioner filed a notice of appeal from the Court's order holding the petition in abeyance. ECF No. 91. Petitioner has also filed a motion to proceed without prepayment of fees and costs on appeal, as well as a motion for reconsideration of

1

the Court's order denying the motion for transcripts. ECF Nos. 92, 94. For the reasons that follow, the motions are DENIED. The Court further ENJOINS Petitioner from filing any further motions or pleadings in this case without leave from the Court.

Petitioner requested permission to proceed without prepayment of fees and costs on the appeal of this Court's orders on September 20 and November 5, 2019. ECF No. 92. The Court is holding his petition in abeyance while Petitioner's post-conviction motion is adjudicated anew after the case was remanded back to the trial court by the Michigan Supreme Court.

The standard for granting an application for leave to proceed *in forma pauperis* is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant leave to proceed *in forma pauperis* if it finds that an appeal is being taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a); *Foster*, 208 F. Supp. 2d at 764–65. "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Id.* at 765.

Here, although there is a decidedly lower standard, Petitioner is denied leave to proceed *in forma pauperis* on appeal because the Court finds that the appeal is not taken in good faith and would therefore be frivolous.

Petitioner also filed a motion for reconsideration of this Court's order denying his motion for the transcripts.

Local Rule 7.1 allows a party to file a motion for reconsideration. E.D. Mich. L.R. § 7.1(g). However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Whitehouse Condo. Grp., LLC v. Cincinnati Ins. Co.*, 959 F. Supp. 2d 1024, 1031 (E.D. Mich. 2013). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *See MCI Telecommunications Corp. v. Michigan Bell Telephone Co.,* 79 F. Supp. 2d 768, 797 (E.D. Mich. 1999).

Petitioner's motion for reconsideration will be denied, as he is merely presenting issues that were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied the motion for transcripts. *Whitehouse Condo. Grp., LLC,* 959 F. Supp. 2d at 1031.

Finally, the Court notes the extensive number of lengthy, repetitive, and sometimes frivolous motions and pleadings that have been filed by Petitioner. This

Court held the case in abeyance and administratively closed it after the Michigan Supreme Court remanded Petitioner's case back to the state courts to reconsider Petitioner's post-conviction motions. This was done to give Petitioner an opportunity to obtain post-conviction relief in the state courts and, failing that, to at least have an opportunity to adequately exhaust his claims in the state courts before presenting them in this Court. Petitioner's case is currently closed. There is no reason at this point for Petitioner to file any additional motions until or unless he is unsuccessful in obtaining relief in the state courts, at which point he may move to reopen the case as per the terms laid out in this Court's opinion holding the petition in abeyance. *See* ECF No. 84.

In light of these frequent and often vexatious pleadings, Petitioner is enjoined from filing any additional motions or pleadings in this case without leave of this Court. Any new motion or pleading filed by Petitioner must be accompanied by:

(1) an application for permission to file the pleading; and
(2) an affidavit demonstrating that plaintiff's allegations have merit and that they are not a repetition of plaintiff's previous pleadings or motions.

*Edwards v. Johns*, 450 F. Supp. 2d 755, 756–57 (E.D. Mich. 2006).

**IT IS SO ORDERED.**

Dated: December 16, 2019

                                                  s/Gershwin A. Drain
                                                  HON. GERSHWIN A. DRAIN
                                                  United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 16, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager