UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS JACKSON,

    Petitioner,                                  Case No. 15-cv-11622

        v.                                           U.S. DISTRICT COURT JUDGE
                                                                    GERSHWIN A. DRAIN

LES PARISH,

    Respondent.

_____/

## **OPINION AND ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION [#96]**

Petitioner Douglas Jackson filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254, challenging his convictions for three counts of first-degree criminal sexual conduct, one count of assault with intent to do great bodily harm, and one count of unlawful imprisonment. This Court held the petition in abeyance and administratively closed the case to permit Petitioner to complete state post-conviction proceedings in the state courts where he had attempted to exhaust additional claims. *Jackson v. Parish*, No. 15-CV-11622, 2019 WL 4573799 (E.D. Mich. Sept. 20, 2019).

Presently before the Court is Petitioner's Motion for Reconsideration [#96]. For the reasons that follow, the Court will DENY Petitioner leave to file the motion for failure to comply with the enjoinment procedures.

1

Local Rule 7.1 allows a party to file a motion for reconsideration. E.D. Mich. L.R. § 7.1(g). However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Whitehouse Condo. Grp., LLC v. Cincinnati Ins. Co.*, 959 F. Supp. 2d 1024, 1031 (E.D. Mich. 2013). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *See MCI Telecommunications Corp. v. Michigan Bell Telephone Co.,* 79 F. Supp. 2d 768, 797 (E.D. Mich. 1999).

Here, Petitioner claims that the Court should not have enjoined him from filing any additional motions or pleadings in this case without leave of this Court. ECF No. 95, PageID.7024. He argues that that the Court has failed to identify which of his pleadings have been frivolous and vexatious. Additionally, Petitioner takes issue with the requirements of enjoinment, including the need to provide an affidavit demonstrating the new pleading is meritorious and not repetitive of prior motions. *See Edwards v. Johns*, 450 F. Supp. 2d 755, 756–57 (E.D. Mich. 2006).

As stated in numerous prior Orders [#84, 86, 88, 90, 95], this Court has held the case in abeyance and administratively closed it while the Michigan state courts reconsider Petitioner's post-conviction motions. As explained before:

> This was done to give Petitioner an opportunity to obtain post-conviction relief in the state courts and, failing that, to at least have an opportunity to adequately exhaust his claims in the state courts before presenting them in this Court. Petitioner's case is currently closed. There is no reason at this point for Petitioner to file any additional motions until or unless he is unsuccessful in obtaining relief in the state courts, at which point he may move to reopen the case as per the terms laid out in this Court's opinion holding the petition in abeyance.

ECF No. 95, PageID.7024.

Since the case was held in abeyance, Petitioner has filed three motions for reconsideration [#87, 94, 96]. Petitioner was enjoined because he continued to file repetitious pleadings with this Court after he was informed that his case was closed pending further action in the Michigan state court. As an enjoined filer, Petitioner must now comply with the *Edwards* requirements to file any new motions or pleadings, as detailed in this Court's prior Order [#95]. *See Edwards v. Johns*, 450 F. Supp. 2d 755, 756–57 (E.D. Mich. 2006). Petitioner has failed to follow those procedures here, instead submitting a motion without either (1) an application for permission to file the pleading, or (2) an affidavit demonstrating that plaintiff's allegations have merit and that they are not a repetition of plaintiff's previous pleadings or motions. *Id*. Accordingly, this Court will DENY Petitioner leave to file this Motion for Reconsideration for failure to comply with the enjoinment procedures.

**IT IS SO ORDERED.**

                                        s/Gershwin A. Drain
                                        GERSHWIN A. DRAIN
                                        UNITED STATES DISTRICT JUDGE

Dated: January 10, 2020

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 10, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager