UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS JACKSON,

Petitioner,

v.

LES PARISH,

Respondent.
_____/

Case No. 15-cv-11622

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING MOTION TO COMPEL MEANINGFUL ACCESS TO THE COURT [#108]**

Petitioner Douglas Jackson filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. This Court held the petition in abeyance and administratively closed the case to permit Petitioner to complete state post-conviction proceedings in the state courts, where he had attempted to exhaust additional claims. *See Jackson v. Parish*, No. 15-CV-11622, 2019 WL 4573799 (E.D. Mich. Sept. 20, 2019).

Petitioner has since filed numerous motions, all of which were denied by this Court. *See* ECF Nos. 85, 87, 89, 94. As a result of these continued filings, this Court enjoined Petitioner on December 16, 2019 from filing further pleadings, other than a motion to reopen the petition following exhaustion of his state court remedies, unless the pleading was accompanied by:

1

>   (1) an application for permission to file the pleading; and
>
>   (2) an affidavit demonstrating that plaintiff's allegations have merit and that they are not a repetition of plaintiff's previous pleadings or motions.

ECF No. 95, PageID.7024 (citing *Edwards v. Johns*, 450 F. Supp. 2d 755, 756–57 (E.D. Mich. 2006).

Petitioner has now filed the instant Motion seeking to compel meaningful access to this Court. The Motion, however, by Petitioner's own admission, does not comply with this Court's prior order enjoining further pleadings; the Motion does not include an application for permission to file or a signed affidavit demonstrating that the motion has any merit and that it is not a repetition of Petitioner's prior motions. But more importantly, Petitioner's case before this Court remains closed because he is still seeking reconsideration of his post-conviction motion by the state trial court in accordance with an earlier remand order of the Michigan Supreme Court. As this Court previously indicated, there is no need at this point for Petitioner to file additional motions in this Court while his case remains pending in the state courts.

Moreover, to the extent that Petitioner claims that the trial judge has failed to adjudicate his post-conviction motion on remand, Petitioner must still exhaust his state court remedies first before this Court may reopen his case. *See Porter v. Sanders,* No. 2:12-CV-11287, 2012 WL 1353703, at *2 (E.D. Mich. Apr. 16, 2012) (Hood, J.); *Scott v. Woods*, No. 2:15-CV-13095, 2016 WL 1554934, at *3 (E.D.

Mich. Apr. 18, 2016) (Borman, J.); *Washington v. Warden, Ross Corr. Inst.,* No. 02-70096, 2003 WL 1867914, * 3 (E.D. Mich. Mar. 21, 2003) (Tarnow, J.)*; see also Wells v. Marshall*, 885 F. Supp. 314, 318 (D. Mass. 1995) (state prisoner was not exempt from exhaustion requirement for filing a petition for writ of habeas corpus, though his motion for new trial had been pending in the state trial court since 1991, where he did not seek intervention from the highest state court to remedy the delay).

Here, Petitioner may attempt to seek an order of superintending control from the Michigan Court of Appeals pursuant to M.C.R. 3.302 (D)(1) and M.C.R. 7.203 (C)(1) to order the Wayne County Circuit Court to adjudicate his motion. He has not yet done so, however, and Petitioner's failure to adequately pursue his claims in state court "disqualifies his case from consideration under the narrow exception [to the exhaustion requirement]." *See Dillon v. Hutchinson,* 82 F. App'x. 459, 462 (6th Cir. 2003). Further, Petitioner's complaint about denial of court access is properly directed to the state courts, where his post-conviction motion is pending, and not the Court at this time.

Accordingly, Petitioner's Motion to Compel Meaningful Access to The Court [#108] is **DENIED**.

**IT IS SO ORDERED.**

s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: February 17, 2021

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 17, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager