UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS JACKSON,

    Petitioner,

    v.

LEE PARISH,

    Respondent.
_____/

Case No. 15-cv-11622

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## ORDER DENYING PETITIONER'S MOTION TO LIFT STAY [#121]

Before the Court is *pro se* Petitioner's Motion to Lift Stay [#121]. For the reasons that follow, his Motion is DENIED.

Petitioner filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. The Court held the petition in abeyance and administratively closed this matter to afford Petitioner an opportunity to complete state post-conviction proceedings where he is attempting to exhaust additional claims. *Jackson v. Parish*, No. 15-cv-11622, 2019 U.S. Dist. LEXIS 160572, at *11 (E.D. Mich. Sept. 20, 2019). The stay is based on the Michigan Supreme Court's September 10, 2019 remand of Petitioner's case back to the Wayne County Circuit Court to address Petitioner's motion for reconsideration. *Id.* at *6–*7. The Michigan Supreme Court directed the trial court to determine whether Petitioner's May 24, 2016 amended motion for relief from judgment constitutes a successive

1

motion within the meaning of M.C.R. 6.502(G). *In re Jackson*, 932 N.W.2d 622 (Mich. 2019). If the trial court found Petitioner's motion not successive, the judge was directed to decide the motion under the standard for granting or denying post-conviction relief under M.C.R. 6.508. *Id.* If the court determined that the motion is successive, the judge could deny relief pursuant to M.C.R. 6.502(G). *Id.* The Michigan Supreme Court ordered the court to "issue an opinion setting forth its analysis." *Id.*

This Court held the case in abeyance to give Petitioner an opportunity to properly exhaust his claims on state post-conviction review. *See Jackson v. Parish*, No. 15-cv-11622, 2019 U.S. Dist. LEXIS 160572, at *1 (E.D. Mich. Sept. 20, 2019). The undersigned discussed why "federal court[s] cannot consider granting habeas relief 'if there still is a potential state remedy for the state courts to consider.'" *Id.* (quoting *Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009)). The Court explained that habeas petitions are considered unexhausted when state post-conviction motions remain pending in the state courts. *Jackson*, 2019 U.S. Dist. LEXIS 160572, at *7. The order also noted that Petitioner could appeal any denial of the post-conviction motion to the state appellate courts. *Id.* at *8.

Petitioner has now filed a Motion to Lift Stay [#121]. There is no indication in his Motion that the Wayne County Circuit Court adjudicated his Motion on

2

remand nor is there any allegation or documentation that he appealed any denial of the Motion to the Michigan appellate courts.

This Court reviewed the Wayne County Circuit Court docket entries for *People v. Jackson*, No. 09-003770-FC. It appears that Petitioner's Motion was heard and denied on December 23, 2021. A motion for substitute counsel appears to have been decided on March 2, 2022. This Court reviewed the Michigan Court of Appeals' and Michigan Supreme Court website and Westlaw. There is no indication Petitioner filed any appeal after the Wayne County Circuit Court denied his two motions. [1]

Without any allegation by Petitioner or any documentation that his claims have been exhausted with the state courts, Petitioner's motion to lift the stay is premature. The Court will consider any motion to lift the stay once Petitioner has exhausted his claims with the state trial and appellate courts.

**IT IS HEREBY ORDERED** that the motion to lift the stay [#121] is DENIED.

---

[1] Public records and government documents, including those available from reliable sources on the internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n.1 (E.D. Mich. May 7, 2014) (citing *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980)).

**IT IS SO ORDERED.**

Dated:  March 18, 2022                    /s/ Gershwin A. Drain
                                          GERSHWIN A. DRAIN
                                          UNITED STATES DISTRICT JUDGE


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 18, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

4