UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS JACKSON,

    Petitioner,                    Case No. 2:15-CV-11622

                                  UNITED STATES DISTRICT JUDGE
v.                               GERSHWIN A. DRAIN

LES PARISH,

    Respondent.
_____/

**<u>OPINION AND ORDER DENYING AS PREMATURE
THE MOTION TO LIFT THE STAY (ECF No. 149) AND
ACKNOWLEDGING RECEIPT OF OCTOBER 10, 2023 LETTER (ECF No.
154)</u>**

    Before the Court is petitioner's motion to lift the stay. Also, before the Court is the Petitioner's October 10, 2023 Letter requesting speedy adjudication of his July 14, 2023 petition for mandamus. For the reasons that follow, the motion is DENIED as premature and the request for speedy adjudication is DENIED.

    Petitioner filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. This Court held the petition in abeyance and administratively closed the case permitting petitioner to complete state post-conviction proceedings in the state courts where he had attempted to exhaust additional claims. *Jackson v. Parish*, No. 15-CV-11622, 2019 WL 4573799 (E.D. Mich. Sept. 20, 2019). The stay was based on the fact that the Michigan Supreme Court remanded petitioner's case

1

back to the Wayne County Circuit Court to address petitioner's motion for reconsideration. The Michigan Supreme Court's lengthy decision ordered the trial court to determine whether petitioner's amended motion for relief from judgment filed on May 24, 2016 constituted a successive motion for relief from judgment within the meaning of M.C.R. 6.502(G). If the trial judge determined that it was not a successive motion, the judge was directed to decide the motion under the standard for granting or denying post-conviction relief found in M.C.R. 6.508. If the judge determined that this motion is successive, the judge could deny relief pursuant to M.C.R. 6.502(G). The judge was ordered to "issue an opinion setting forth its analysis." *In re Jackson*, 932 N.W.2d 622 (Mich. 2019).

Petitioner has now filed a motion to lift the stay. Petitioner claims that on June 2, 2023, the Wayne County Circuit Court judge denied his remaining claims pursuant to M.C.R. 6.502(G), apparently finding the amended motion to be a successive motion for relief from judgment. Petitioner argues that his case is now ripe for review because he believes that M.C.R. 6.502(G) precludes a defendant from appealing a trial court order denying a successive motion for relief from judgment.

Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 F. App'x 414, 418 (6th Cir. 2005). Although M.C.R. 6.502(G)(1) indicates that a defendant cannot appeal the denial or rejection of a

successive motion for relief from judgment, contrary to petitioner's belief, this rule does not act as a complete ban on an appeal from the denial of a successive motion for relief from judgment. *See e.g. Ingram v. Prelesnik*, 730 F. App'x 304, 311, n. 3 (6th Cir. 2018); *see also Adams v. Lesatz*, No. 2:17-CV-11056, 2019 WL 6310925, at * 2 (E.D. Mich. Nov. 25, 2019)(holding habeas petition in abeyance to permit the petitioner to file an appeal from the denial of a successive motion for relief from judgment).

There are several possible grounds that petitioner could bring to appeal the judge's order.

First, M.C.R. 6.502(F) provides that, "[t]he court may permit the defendant to amend or supplement the motion [for relief from judgment] at any time." The Michigan Supreme Court initially remanded the case back to the trial court to determine whether or not the amended motion for relief from judgment should be treated as a successive motion for relief from judgment that would be barred under M.C.R. 6.502(G), or whether it was, in fact, a supplement to the original motion. Although the judge treated the amended motion as an improperly filed successive motion, the Michigan Court of Appeals or Michigan Supreme may determine the amended motion for relief from judgment is a supplement to the petitioner's original motion for relief from judgment and conclude that the judge erred in denying the motion pursuant to M.C.R. 6.502(G). *See e.g. Rushing v. Booker*, No. 04-74322,

2005 WL 1529623, * 3 and n. 5 (E.D. Mich. Jun. 28, 2005)(suggesting that petitioner could file another motion for relief from judgment, when petitioner's first motion was dismissed without prejudice and he had not been given an opportunity, pursuant to M.C.R. 6.502(F), to amend or supplement the first motion).

Secondly, M.C.R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in the law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks,* 149 F. App'x at 418.

Finally, although not specifically mentioned in M.C.R. 6.502(G)(2), jurisdictional defects can be pursued in a successive motion for relief from judgment because such defects can be raised at any time. *People v. Washington*, 508 Mich. 107, 131–32, 972 N.W.2d 767, 779 (2021).

This Court "should exercise caution in finding that" 6.502(G) would bar petitioner from presenting these claims to the Michigan appellate courts. *Banks,* 419 F. App'x at 418. "Because it is at least debatable whether the Michigan [appellate] courts would entertain [these claims] on a second or successive motion for state postconviction relief," *Id.,* petitioner's motion to lift the stay is premature, particularly if petitioner is operating on the belief that he is completely barred from appealing the denial of his amended motion for relief from judgment by the trial court. When the Michigan Supreme Court denies an appeal under M.C.R. 6.502(G),

4

the typical language used is not that "the *appeal* itself was barred, but because [the defendant's] "*motion* for relief from judgment is prohibited by MCR 6.502(G)." *Ingram v. Prelesnik*, 730 F. App'x at 311, n 3 (emphasis original). Petitioner "also would have a difficult time explaining his interpretation of Rule § 6.502(G) as a complete ban on appeals, given the over-900 Michigan Supreme Court orders that deny leave to appeal citing that rule." *Id.*

Because it is possible for petitioner to appeal the denial of his amended motion for relief from judgment to the Michigan appellate courts, the Court denies the motion to lift the stay as premature.[1] Petitioner can move to reopen the petition within sixty days of the conclusion of any post-conviction appeals. Alternatively, if petitioner chooses not to appeal the judge's decision denying the amended motion for relief from judgment, he has sixty days from the date of this order to move to reopen the case.

Finally, petitioner seeks speedy resolution of his July 14, 2023 mandamus petition; however, the Court never received a mandamus petition on that date.

---

[1] A criminal defendant in Michigan has six months from the denial of a motion for relief from judgment by the trial court to file an application for leave to appeal with the Michigan Court of Appeals. M.C.R. 6.509 (A); M.C.R. 7.205(G)(3). The trial judge denied the motion on June 2, 2023. Petitioner would have six months from this date to appeal the trial judge's decision should he choose to do so.

Accordingly, petitioner's request for speedy resolution of his mandamus petition [ECF No. 154] will be denied.

IT IS ORDERED that the motion to lift the stay (ECF No. 149) is DENIED WITHOUT PREJUDICE.

Dated:  November 2, 2023                    /s/Gershwin A. Drain
                                             GERSHWIN A. DRAIN
                                             United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 2, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager