UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS JACKSON,

        Petitioner,

                                  Case No. 2:15-CV-11622
v.                                U.S. DISTRICT COURT JUDGE
                                      GERSHWIN A. DRAIN

JEFFREY HOWARD,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER DOUGLAS JACKSON'S PETITION FOR WRIT OF MANDAMUS [#157], GRANTING PETITIONER'S MOTION TO SUPPLEMENT [#168], GRANTING PETITIONER'S MOTION TO SUPPLEMENT [#169], AND GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE REPLY [#180]**

## I.    INTRODUCTION

Petitioner Douglas Jackson is currently incarcerated at the Baraga Correctional Facility in Baraga, Michigan. Presently before the Court are the following: (1) Petitioner's Petition for Writ of Mandamus, filed on November 21, 2023 [#157]; (2) Petitioner's Motion to Supplement, filed on May 7, 2024 [#168]; (3) Petitioner's Motion to Supplement, filed on May 14, 2024 [#169]; and (4) Petitioner's Motion for Extension of Time to File Reply, filed on September 13,

2024 [#180].

In his Petition for Writ of Mandamus ("Mandamus Petition"), Petitioner seeks an order (1) compelling Respondent Jeffrey Howard, a Michigan Department of Corrections warden, to provide Petitioner with a copy of his accounting records so that he can prove his *in forma pauperis* status to the Michigan Court of Appeals, and (2) compelling the Third Judicial Circuit Court of Michigan ("Wayne Circuit Court") to adjudicate his post-conviction motion for relief from judgment. In the alternative, Petitioner asks this Court to lift the stay on his Petition for Writ of Habeas Corpus ("Habeas Petition"), which the Court is currently holding in abeyance to allow Petitioner to exhaust all available state court remedies. Petitioner claims he should be excused from exhausting these remedies because of the state court's delay in adjudicating his motion for relief from judgment.

In his Motions to Supplement, Petitioner seeks to update his Mandamus Petition with procedural developments in his state court case that occurred after he filed the Petition. Petitioner also repeats many of the same arguments contained in his Mandamus Petition and reiterates the relief sought. The Court ordered Respondent to respond to Petitioner's Motions to Supplement, which he filed on September 6, 2024. On September 13, 2024, the day Petitioner's Reply was due, Petitioner moved for a five-day extension of time to file a Reply. Petitioner filed a Reply on September 17, 2024.

2

For the reasons that follow, Petitioner's Mandamus Petition [#157] is DENIED, Petitioner's Motion to Supplement [#168] is GRANTED, Petitioner's Motion to Supplement [#169] is GRANTED, and Petitioner's Motion for Extension of Time to File Reply [#180] is GRANTED.

## II.   BACKGROUND

Given the extensive and complex procedural history of this case, the Court summarizes only the portions that are relevant to the matters presently before it. On May 5, 2015, Petitioner filed a Habeas Petition pursuant to 28 U.S.C. § 2254 in this Court. ECF No. 1. Petitioner concurrently moved to hold this Petition in abeyance so that he could present non-exhausted claims in state court. ECF No. 2. The Court granted this motion on May 12, 2015. ECF No. 5.

On July 16, 2015, Petitioner filed a post-conviction motion for relief from judgment in the Wayne Circuit Court. On January 21, 2016, the Wayne Circuit Court returned this motion as insufficient because it exceeded the court's page limit, and encouraged Petitioner to resubmit this motion in compliance with the page limit requirement. *People v. Michigan*, No. 09-003770-01, Opinion (Wayne Cnty. Cir. Ct. Jan. 21, 2016). Petitioner resubmitted this motion on May 24, 2016. The court denied the resubmitted motion on November 21, 2016, finding that several of Petitioner's claims had already been raised in his first appeal of right and that the remaining claims amounted to a successive motion for relief from judgment within the meaning

3

of Michigan Court Rule 6.502(G). *People v. Jackson*, No. 09-003770-01, Order

(Wayne Cnty. Cir. Ct. Nov. 21, 2016). Petitioner filed a motion for reconsideration

of this decision in the Wayne Circuit Court on December 9, 2016.

On August 16, 2017, Petitioner filed a complaint for superintending control

in the Michigan Court of Appeals, where he sought an order compelling the Wayne

Circuit Court to adjudicate his motion for reconsideration. The Michigan Court of

Appeals dismissed this complaint on September 20, 2017 because Petitioner had an

outstanding filing fee balance. *In re Jackson*, No. 339724, Order (Mich. Ct. App.

Sept. 20, 2017) (ECF No. 60-51, PageID.6023). Petitioner appealed this decision to

the Michigan Supreme Court. On August 3, 2018, the Michigan Supreme Court

vacated the Michigan Court of Appeals' decision and remanded the complaint to

that court "for plenary consideration of [Petitioner's] argument that MCL

600.2963(8), as applied to his complaint for superintending control, is

unconstitutional." *In re Jackson*, 503 Mich. 851, 851 (Mich. 2018).[1] On remand, the

Michigan Court of Appeals held that MICH. COMP. LAWS 600.2963(8) "cannot

constitutionally be applied to bar a complaint for superintending control over an

underlying criminal case if the bar is based on outstanding fees owed by an indigent

---

[1] MICH. COMP. LAWS 600.2963(8) provides that "[a] prisoner who has failed to pay
outstanding fees and costs as required under this section shall not commence a new
civil action or appeal until the outstanding fees and costs have been paid." MICH.
COMP LAWS 600.2963(8).

4

prisoner-plaintiff from an earlier case and the prisoner-plaintiff lacks funds to pay those outstanding fees." *In re Jackson*, 326 Mich. App. 629, 631 (Mich. Ct. App. 2018). The court also noted that it would decide Petitioner's complaint for superintending control in a subsequent decision. *Id.*

While this complaint was pending before the Michigan Court of Appeals, Petitioner filed a delayed application for leave to appeal the Wayne Circuit Court's denial of his motion for relief from judgment. The Michigan Court of Appeals denied this application on March 29, 2018 because it was untimely. *People v. Jackson*, No. 342075, Order (Mich. Ct. App. Mar. 29, 2018). The Michigan Supreme Court reversed this decision on September 10, 2019. "[I]n lieu of granting leave to appeal," the Michigan Supreme Court remanded Petitioner's motion to the Wayne Circuit Court "for reconsideration of whether [Petitioner's] May 24, 2016 motion for relief from judgment is a successive motion, as the circuit court states in the November 21, 2016 order denying relief from judgment[.]" *In re Jackson*, 504 Mich. 955, 955 (Mich. 2019).

On October 14, 2020, the Wayne Circuit Court issued an order finding that Petitioner's motion for relief from judgment was not a successive motion. *People v. Jackson*, No. 09-003770-01 (Wayne Cnty. Cir. Ct. Oct. 14, 2020). The court also appointed counsel to represent Petitioner in his post-conviction proceedings and allowed him to supplement his motion for relief from judgment. *Id.* Petitioner filed

5

supplemental briefing on February 18, 2022 and March 28, 2022.

On June 2, 2023, the Wayne Circuit Court denied Petitioner's motion for relief from judgment because it construed Petitioner's supplemental briefing as a third successive motion for relief from judgment. *People v. Jackson*, No. 09-003770-01, Opinion (Wayne Cnty. Cir. Ct. June 2, 2023). Petitioner filed a delayed application for leave to appeal this decision to the Michigan Court of Appeals. On October 24, 2023, the Michigan Court of Appeals sent Petitioner a correspondence stating that this application had not yet been submitted to a panel of the court for decision because his motion to waive filing fees was "defective for failure to produce a copy of [his] prisoner account statement for the last 12 months." ECF No. 179-6, PageID.8116.

On November 21, 2023, Petitioner filed the Mandamus Petition that is presently before this Court.

On December 13, 2023, the Michigan Court of Appeals peremptorily vacated the Wayne Circuit Court's denial of Petitioner's motion for relief from judgment and waived Petitioner's filing fees. "[I]n light of the procedural history of this case," the court reasoned, "the motion should have been treated as [Petitioner's] first motion for relief from judgment[.]" *People v. Jackson*, No. 267562, Order (Mich. Ct. App. Dec. 13, 2023) (ECF No. 179-6, PageID.7923). The Michigan Court of Appeals remanded the motion to the Wayne Circuit Court for "further proceedings consistent

with this order." *Id.*

While Petitioner's motion for relief from judgment was pending before the Wayne Circuit Court, Petitioner filed two Motions to Supplement his Mandamus Petition in this Court. This Court ordered Respondent to respond to these Motions, which he filed on September 6, 2024. On September 13, 2024, the day Petitioner's Reply was due, Petitioner moved for an extension of time to file a Reply. Petitioner filed a Reply on September 17, 2024.

On November 1, 2024, the Wayne Circuit Court denied Petitioner's motion for relief from judgment, reasoning that the grounds for relief alleged by Petitioner could have been raised on direct appeal. *People v. Jackson*, No. 09-003770-01, Opinion (Wayne Cnty. Cir. Ct. Nov. 1, 2024). The court also found that, as required by Michigan Court Rule 6.508(D)(3), Petitioner had not shown good cause for failure to raise such grounds on direct appeal, nor had he shown actual prejudice from the alleged irregularities that supported his claim for relief. *Id.*

### III.   LAW AND ANALYSIS

#### a. Petitioner's Motion for Extension of Time to File Reply

Petitioner moved for a five-day extension to file a Reply to his Motions to Supplement on September 13, 2024, the same day the Reply was due. Petitioner claims he needed an extension because he received Respondent's Response from prison officials on September 11, 2024, leaving him with two days to prepare a

Reply. Petitioner filed a Reply on September 17, 2024.

Under Rule 6(b) of the Federal Rules of Civil Procedure, when a litigant requests an extension of time to file a reply before the deadline, the Court "may, for good cause, extend the time[.]" Fed. R. Civ. P. 6(b). Here, the Court finds that good cause exists to grant Petitioner additional time to file his Reply. Accordingly, Petitioner's Motion for Extension of Time to File Reply is granted. The Court has considered Petitioner's Reply in adjudicating his Mandamus Petition.

### b. Petitioner's Motions to Supplement

Next, in his Motions to Supplement, Petitioner seeks to update his Mandamus Petition with procedural developments in his state court case that occurred after he filed the Petition. Petitioner also repeats many of the same arguments contained in his Mandamus Petitions and reiterates the relief sought.

A motion to supplement should be freely granted "except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *See Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (addressing motions to amend); *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002) (noting that "the same standard of review and rationale" apply to motions to supplement as motions to amend). The Court finds that none of these conditions are present here. Accordingly, Petitioner's Motions to Supplement are granted. The Court has

8

considered the information contained therein in adjudicating Petitioner's Mandamus Petition.

### c. Petitioner's Mandamus Petition

Lastly, Petitioner brings a Mandamus Petition pursuant to 28 U.S.C. §§ 1361 and 1651. He seeks an order (1) compelling Respondent Howard to provide Petitioner with a copy of his prison account statement so that Petitioner can prove *in forma pauperis* status to the Michigan Court of Appeals, and (2) compelling the Wayne Circuit Court to adjudicate his motion for relief from judgment. In the alternative, Petitioner asks this Court to lift the stay on his Habeas Petition, which the Court is currently holding in abeyance to allow Petitioner to exhaust all available state court remedies. Petitioner claims he should be excused from exhausting these remedies because of the state court's delay in adjudicating his motion for relief from judgment.

This Court lacks jurisdiction under 28 U.S.C. §§ 1361 and 1651 to compel Respondent Howard and the Wayne Circuit Court to act. Pursuant to 28 U.S.C. § 1361, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of *the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). By its plain terms, "the statute only applies to officers or employees of the United States and does not apply to state officials or employees." *Perry v. Kalamazoo Cnty.*

*Prob. Officer*, No. 23-cv-12694, 2024 WL 3173610, at *2 (E.D. Mich. June 25, 2024) (citing *Haggard v. State of Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984)). Here, Respondent Howard is a *state* official, and the Wayne Circuit Court is a *state* entity. As such, 28 U.S.C. § 1361 does not authorize this Court to compel them to act.

Furthermore, 28 U.S.C. § 1651 provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Notably, this statute only "enables the federal courts to issue writs in exercise of their jurisdiction; it does not independently confer federal jurisdiction." *Privett v. Pellegrin*, No. 85-5049, 1986 WL 16899, at *1 (6th Cir. Apr. 17, 1986) (citing *Haggard v. State of Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970)). Accordingly, 28 U.S.C. § 1651 does not authorize this Court to compel Respondent Howard and the Wayne Circuit Court to act.

Even if the Court had this authority, Petitioner's requests are moot. First, the Wayne Circuit Court has ruled on Petitioner's motion for relief from judgment, mooting any need to compel that court to decide the motion. Second, while the Michigan Court of Appeals indicated that it could not adjudicate Petitioner's delayed application for leave to appeal because Petitioner had not furnished the court with his prisoner account statements, that court ultimately waived Petitioner's filing fees

and adjudicated the application. As such, Petitioner's need for his prison account statements to prove *in forma pauperis* status to the Michigan Court of Appeals is, at this time, also moot.

Furthermore, it would be premature for this Court to lift the stay on Petitioner's Habeas Petition. "A federal court may not grant a writ of habeas corpus unless the [petitioner] has exhausted all available remedies in state court." *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing 28 U.S.C. § 2254(b)(1)(A)). "To be properly exhausted, each claim must have been 'fairly presented' to the state courts. This includes a requirement that the [petitioner] present the issue to both the state court of appeals and the state supreme court." *Id.* This "exhaustion requirement . . . promotes comity with state courts" and "ensures that a federal court, sitting in a habeas posture, has the benefit of the state court's reasoned judgment, to which we afford great deference." *Johnson v. Bauman*, 27 F.4th 384, 397 (6th Cir. 2022). It also "honors the 'States' interest in the integrity of their criminal and collateral proceedings.'" *Id.* (quoting *Williams v. Taylor*, 529 U.S. 420, 436 (2000)).

There are two narrow exceptions to the exhaustion requirement: (1) "there is an absence of available State corrective process"; or (2) "circumstances exist that render such process ineffective to protect the rights of the [petitioner]." 28 U.S.C. § 2254(b)(1)(B). The Sixth Circuit has recognized that an inordinate delay in state court proceedings can, in some cases, render the state's corrective process

ineffective to protect a petitioner's rights. *Johnson v. Bauman*, 27 F.4th 384, 392, 394-95 (6th Cir. 2022). "But a lengthy proceeding, while in some instances lamentable, does not always leave a petitioner incapable of securing his rights—that is, in the words of the statute, does not necessarily imply that 'circumstances' beyond the petitioner's control have rendered the 'process ineffective to protect [his] rights.'" *Id.* at 391 (quoting 28 U.S.C. § 2254(b)(1)(B)(ii)) (alteration in original). As such, "[d]elay, standing alone, has never been enough" to excuse a petitioner from satisfying the exhaustion requirement. *Id.* at 395. An inordinate delay may excuse a petitioner's failure to exhaust only if the petitioner is completely "without recourse in state court." *Johnson*, 27 F.4th at 397 (quotation omitted). "By requiring something more than mere delay, [the Sixth Circuit] seek[s] to ensure that the underlying state court process was truly 'ineffective,' thereby excusing a failure to exhaust only in those historically 'rare cases where exceptional circumstances of peculiar urgency are shown to exist.'" *Id.* at 394-95 (quoting *Ex Parte Hawk*, 321 U.S. 114, 117 (1944)).

Here, Petitioner is not completely without recourse in state court. The Wayne Circuit Court ruled on the merits of Petitioner's motion for relief from judgment on November 1, 2024. Petitioner has six months from the date of this decision to file an application for leave to appeal this decision to the Michigan Court of Appeals. M.C.R. 6.509(A). Accordingly, the exceptions to the exhaustion requirement do not

apply here, and it would otherwise be premature for this Court to lift the stay on Petitioner's Habeas Petition. Petitioner's Mandamus Petition is therefore denied.

### d. Enjoined Filer

Plaintiff is an enjoined filer in the United States District Court for the Eastern District of Michigan. ECF No. 95; *see* E.D. Mich. L.R. 5.2 ("A district judge may enjoin a litigant from filing actions without first obtaining leave of court if the judge finds that the litigant has engaged in a pattern of filing repetitive, frivolous, or vexatious cases."). Pursuant to this Court's Order Enjoining Petitioner from Filing Further Motions or Pleadings Without Leave from the Court, no further filings will be accepted from Petitioner without Petitioner first obtaining leave of court. ECF No. 95, PageID.7024. To obtain leave, "[a]ny new motion or pleading filed by Petitioner must be accompanied by: (1) an application for permission to file the pleading; and (2) an affidavit demonstrating that [Petitioner's] allegations have merit and that they are not a repetition of [Petitioner's] previous pleadings or motions." *Id.* (citing *Edwards v. Johns*, 450 F. Supp. 2d 755, 756-57 (E.D. Mich. 2006)).

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Mandamus Petition [#157] is DENIED, Petitioner's Motion to Supplement [#168] is GRANTED, Petitioner's Motion to Supplement [#169] is GRANTED, and Petitioner's Motion for an Extension of Time to File Reply Brief [#180] is GRANTED.

SO ORDERED.

Dated: January 10, 2025                          /s/Gershwin A. Drain
                                                 GERSHWIN A. DRAIN
                                                 United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 10, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager